UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT G. NORTON,

        Plaintiff,

-vs-                                            Case No. 5:16-cv-130-Oc-10PRL

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## **O R D E R**

On March 3, 2017, the United States Magistrate Judge issued a Report (Doc. 17) recommending that the Commissioner's Decision denying the Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income Benefits be affirmed. The Plaintiff has filed Objections (Doc. 18) to the Report and Recommendation. The Court will therefore conduct a *de novo* review of the case. See 28 U.S.C. § 636, M.D. Fla. Local Rule 6.02.

Plaintiff raises three arguments:

1.     Plaintiff objects to the findings of fact and law as to whether the Commission erred in failing to include any upper extremity manipulative limitations in the residual functional capacity assessment.

2.     Plaintiff objects to the findings of fact and law as to the Commissioner's failure to analyze the opinion of Dr. Coleman (state agency doctor) showing that Plaintiff would have limited gross and fine manipulation, and failed to address other evidence of record showing that Plaintiff was having difficulty with grasping or fine manipulation due to his thumb condition.

> 3. Plaintiff objects to the findings of fact and law as to whether the Appeals Council improperly failed to remand this matter based on new and material evidence and whether the evidence as a whole requires remand.

(Doc. 18).

With respect to the first and second objection, Plaintiff argues that the limitations contained in the residual functional capacity do not account for his thumb osteoarthritis and surgery, and the ALJ failed to identify any upper extremity manipulative limitations. Plaintiff states that the ALJ's analysis of his left upper extremity impairment was superficial and failed to meaningfully analyze the impairment, the resulting surgery or his recovery from surgery. Related to this argument is Plaintiff's contention that the Commissioner failed to discuss, analyze or assign weight to Dr. Coleman's opinion that Plaintiff has a limited ability to perform handling and fingering.

The Magistrate Judge correctly found that the substantial evidence supports the residual functional capacity. Plaintiff failed to meet his burden of showing that his thumb osteoarthritis causes disabling or additional limitations not accounted for by the residual functional capacity. None of the evidence undermines the ALJ's decision not to include manipulative limitations in the residual functional capacity. The Court also agrees with the Magistrate Judge's finding that Plaintiff failed to show that Dr. Coleman's opinion is inconsistent with the residual functional capacity, and that any failure by the ALJ to state the weight he gave the opinion does not warrant

a remand. The ALJ's consideration of the evidence and the residual functional capacity assessment is supported by substantial evidence.

With respect to the third objection, Plaintiff argues that the appeals council erred by finding that two pieces of additional evidence were not relevant: (1) results from a MRI study performed after the ALJ rendered his decision; and (2) an opinion from a physician who started treating Plaintiff after the ALJ's decision. Plaintiff argues that this opinion is retrospective on its face. (Doc. 15). The appeals council found that Plaintiff's "new information is about a later time."

Upon due consideration, the Court agrees with the Magistrate Judge's recommendation that the appeals council properly rejected the post-hearing evidence. In sum, the Court denies Plaintiff's request for reversal and remand, and the Commissioner's decision should be affirmed.

Accordingly, upon due consideration, and a *de novo* review of the case, it is hereby ORDERED as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. 17) is ADOPTED, CONFIRMED, AND MADE A PART HEREOF;

(2) The Plaintiff's Objections (Doc. 18) are OVERRULED and his request for remand is DENIED;

(3) Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's Decision denying the Plaintiff's claim for Disability Insurance and Supplemental Security Income Benefits is AFFIRMED; and

(4) The Clerk is directed to enter judgment accordingly, terminate all other pending motions and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 20th day of June, 2017.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Hon. Philip R. Lammens
Mari Jo Taylor